May Term, 1839.

BUCKLEY
v.
STANLEY.

---

## BUCKLEY *v.* STANLEY.

A declaration in assumpsit described the written contract sued on to be for the executing of notes for the price of certain *books and stationary* purchased of the plaintiff by the defendant. The contract produced in evidence was only for the executing of notes for the price of the *books* purchased. *Held,* that the variance was fatal.

ERROR to the *Wayne* Circuit Court.

Friday,
June 28.

BLACKFORD, J.—*Stanley* sued *Buckley* in assumpsit. The declaration contains a special count on a written contract, and general counts for books and stationary sold and delivered. The general issue and several special pleas were filed. Verdict and judgment for the plaintiff.

The special count states, that in consideration that the plaintiff had sold to the defendant a stock of books and stationary, the defendant had executed the written contract declared on; that by this contract, the defendant promised to

execute his notes payable at certain times for the whole <span style="float:right">May Term, 1839.</span> amount of the books and stationary so purchased, as soon as the bills of the said books and stationary should be made out; and that the bills of the books and stationary were duly delivered to the defendant, but that he refused to execute the notes.

To sustain this count, the plaintiff offered in evidence a written contract, by which the defendant promised to execute his notes for the whole amount of the books purchased, so soon as the bills of the books should be made out. This evidence was objected to on the ground of variance, but the objection was overruled.

We think the objection should have been sustained. The written contract, with the breach of which the defendant is charged in the special count, is for the executing of notes for the price of certain *books and stationary ;* but the one. produced is only for the executing of notes for the price of *books.* These contracts appear not to be the same.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*J. S. Newman,* for the plaintiff.

*M. M. Ray* and *J. B. Ray,* for the defendant.